NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000102
05-MAR-2018
02:59 PM

NO. CAAP-18-0000102

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JAMES ARTHUR, Claimant-Appellant,
v.
CJ PETERSON SERVICES, INC., Employer-Appellee,
and
HAWAII EMPLOYERS' MUTUAL INSURANCE COMPANY, INC.,
Insurance Carrier-Appellee.

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2015-147 (DCD No. 2-11-05087))

ORDER DISMISSING APPEAL WITHOUT PREJUDICE
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon consideration of Claimant-Appellant James Arthur's (Arthur) March 1, 2018 Motion for Extension of Time to File Notice of Appeal (Motion), the papers in support, and the record, it appears that:

(1) This is an appeal from the Labor and Industrial Relations Appeals Board's (LIRAB) January 22, 2018 Decision and Order in the underlying case, Case No. AB 2015-147, DCD No. 2-11-05087;

(2) "[W]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(1);

(3) A notice of appeal from the LIRAB's January 22, 2018 Decision and Order was due on or before February 21, 2018;

(4) Arthur filed the notice of appeal on February 22, 2018;

(5) Arthur acknowledges the notice of appeal was due on or before February 21, 2018, but seeks a first extension of time to file the notice of appeal because her counsel's "honest, but mistaken counting of the days," and "imprudent" reliance upon office staff to determine the notice of appeal due date without "double checking the date," constitutes excusable neglect; and

(6) "As a general rule, compliance with the requirement of timely filing a notice of appeal is jurisdictional, and we must dismiss an appeal on our motion if we lack jurisdiction." Grattafiori v. State, 79 Hawaii 10, 13, 897 P.2d 937, 940 (1995) (quotation marks and citations omitted). The notice of appeal is untimely and thus, the court lacks appellate jurisdiction. In addition, HRAP Rule 4(a)(4)(B) requires a motion for an extension of time to file a notice of appeal after the prescribed time expires, be filed in the court or agency appealed from. See also HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."). This court lacks jurisdiction to decide the instant Motion.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed without prejudice to Arthur seeking relief in the underlying case and, if such relief is granted, timely filing a new notice of appeal.

DATED: Honolulu, Hawaiʻi, March 5, 2018.

Presiding Judge

Associate Judge

Associate Judge